IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELICIANO SALDIVAR | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-3011-N-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Feliciano Saldivar, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2002, petitioner pled guilty to possession of marijuana. The trial court deferred an adjudication of guilt and placed petitioner on probation for four years. While on probation, petitioner was charged with possession of cocaine. Based on the new offense and petitioner's failure to pay probation fees, the state filed a motion to proceed with an adjudication of guilt, which was granted by the trial court following a hearing in February 2009. The court found petitioner guilty of possession of marijuana, revoked his probation, and sentenced him to six years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Saldivar*, WR-72,720-01 (Tex. Crim. App. Oct. 7, 2009). Petitioner then filed this action in federal district court.

II.

Petitioner challenges his conviction and sentence on two broad grounds: (1) he received ineffective assistance of counsel at his revocation hearing; and (2) the trial court revoked his probation based on a "due diligence law" passed after he was placed on deferred adjudication in 2002.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner was invited to address the limitations issue in a reply, but failed to do so.[1] The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Petitioner previously addressed the limitations issue in his habeas petition and in response to a *Spears* questionnaire. (*See* Doc. #2 at Page ID 11-12; Doc. #8 at Page ID 67-78; Doc. #14 at Page ID 99-100).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

### B.

Petitioner was sentenced to six years confinement for possession of marijuana. Judgment was entered on February 4, 2009, and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on March 6, 2009. *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed). Petitioner filed an application for state post-conviction relief on August 10, 2009. The application was denied 59 days later on October 7, 2009. Yet petitioner did not file this action in federal court until November 1, 2011 -- more than *two years* after his state writ was denied.

In an attempt to shift the blame for this delay, petitioner alleges that he brought his federal writ to the "classification staff" at the Powledge Unit in April 2010, with instructions to mail the writ to Twelfth Court of Appeals in Tyler, Texas. (*See* Doc. #2 at Page ID 11-12; Doc. #8 at Page ID 67-68; Doc. #14 at Page ID 100). Thereafter, petitioner was transferred to various facilities within the Texas prison system. When petitioner finally contacted the Tyler appeals court about the status of his writ in August 2011, he was told that jurisdiction properly lies with the Tenth Court of Appeals in Waco, Texas. (*See* Doc. #2 at Page ID 14). Petitioner then filed his writ with the Waco appeals court. The Waco court summarily dismissed the writ on August 26, 2011. (*Id.* at Page ID 13). Two

months later, petitioner filed his writ in federal court. Although petitioner admits that he should have instructed prison officials to mail his writ to federal court instead of state court, he believes that the writ was not mailed to *any court*.[2] Had his writ been sent to the Tyler appeals court in April 2010, petitioner maintains that he would have learned about the mistake in time to file his writ in federal court. (*See* Doc. #2 at Page ID 11-12; Doc. #8 at Page ID 67-68; Doc. #14 at Page ID 99).

This argument fails for two reasons. First, there is no evidence that the Tyler appeals court would have informed petitioner of his mistaken filing even if prison officials had mailed the writ in April 2010. Indeed, when petitioner finally inquired about the status of his writ, the Tyler court told him to file the writ with the Waco court of appeals. When the Waco court dismissed petitioner's writ, it did so on the ground that a state intermediate appeals court lacks jurisdiction over post-conviction matters. Neither court ever informed petitioner that his federal writ must be filed in federal court. Under these circumstances, the actions of prison officials did not prevent petitioner from asserting his rights in a timely manner. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Second, petitioner did not inquire about the status of his writ until August 2011 -- more than *16 months* after he allegedly told prison officials to mail the writ to the Tyler appeals court. Had petitioner diligently investigated this matter, he would have learned of his mistake earlier and this case could have been timely filed. *Id.* at 403 (equitable tolling of limitations period requires habeas petitioner to diligently pursue relief); *see also Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir.

---

[2] Prison mail logs submitted by respondent show only a single mailing by petitioner in April 2010 -- correspondence to the Texas Parole Board in Palestine, Texas. (*See* Doc. #27 at Page ID 138).

1999), *cert. denied*, 121 S.Ct. 1124 (2001), *quoting Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.").

Nor is petitioner entitled to equitable tolling because of his multiple transfers within the Texas prison system. Transfer between prison units is a problem frequently encountered by inmates. Without evidence that petitioner was denied access to a constitutionally adequate law library as a result of these transfers, there is no basis for statutory or equitable tolling. *See Carter v. Thaler*, No. 3-09-CV-1817-B, 2010 WL 546769 at *3 (N.D. Tex. Feb. 17, 2010), *citing Deaver v. Quarterman*, No. 4-07-CV-0064-Y, 2007 WL 1135342 at *3 n.2 (N.D. Tex. Apr. 17, 2007), *COA denied*, No. 07-10494 (5th Cir. Oct. 15, 2007).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 30, 2012.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE